# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

YURI CALZADILLA                                                     PLAINTIFF

VS.                                                CIVIL ACTION NO. 2:08cv213-MTP

LAMAR COUNTY                                            DEFENDANT

## OPINION AND ORDER

THIS MATTER is before the court on the Motion [25] to Dismiss Plaintiff's State Law Claims by Defendant Lamar County. Having considered the submissions of the parties and the applicable law, the court finds that the motion should be GRANTED.

## FACTUAL BACKGROUND

Plaintiff Yuri Calzadilla is currently incarcerated at the South Mississippi Correctional Institution ("SMCI"), serving a three-year sentence after having been convicted of aggravated assault in Forrest County. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on September 25, 2008. Plaintiff alleges a claim against Defendant for excessive force and cruel and unusual punishment in violation of the Fourth Amendment.[1] Specifically, he claims that he was beaten by several Lamar County deputies or law enforcement officers after his arrest. He further claims he was placed in a restraining chair and alcohol was poured into his eyes. He alleges that he was then placed in maximum security lock-down before being booked and released four days later.

Plaintiff alleges a claim against Defendant for the denial of adequate medical treatment in

---

[1] Because Plaintiff was an pre-trial detainee/arrestee during the time of the alleged use of excessive force, his claims are analyzed under the Fourth Amendment. *See Rodriguez v. Zepeda,* 176 Fed. Appx. 631, 632 (5th Cir. 2006); *Brassell v. Turner*, 468 F. Supp. 2d 854, 861-62 (S.D. Miss. 2006).

violation of the Fourteenth Amendment.[2] Specifically, he claims that after the above beatings and cruel treatment, he was denied adequate medical treatment. Plaintiff claims that the above actions were racially motivated.

Although Plaintiff did not allege any specific state law claims, Defendant notes that he makes a vague reference to "state law claims" on page six of his Complaint [1]. Plaintiff did not discuss any state law claims during his *Spears*[3] hearing. Accordingly, it is unclear whether Plaintiff has sufficiently raised such claims. However, to the extent he has done so, the court addresses the claims below.

## STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). However, in order to survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (holding that "dismissal for failure to state a claim upon which relief may be granted *does not require* appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief," abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

---

[2]Because Plaintiff was a pre-trial detainee during the time of the alleged denial of adequate medical treatment, his claims are analyzed under the Fourteenth Amendment. *See Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000) ("A pretrial detainee's constitutional right to medical care, whether in prison or other custody, flows from the procedural and substantive due process guarantees of the Fourteenth Amendment.").

[3]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

ANALYSIS

To the extent Plaintiff has asserted state law claims in this action, the Defendant claims that such claims are barred by the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et. seq.* The MTCA is the "exclusive route for filing suit against a governmental entity and its employees." *City of Jackson v. Sutton*, 797 So. 2d 977, 980 (Miss. 2001); *see also* Miss. Code Ann. § 11-46-7(1) ("The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action . . . .").

Defendant claims that Plaintiff's state law claims are barred, in part, by Miss. Code Ann. § 11-46-11, because he failed to provide a "Notice of Claim." Defendant correctly notes that the MTCA contains a number of procedural requirements with which a claimant must comply. One such requirement is the "Notice of Claim" provision found in Section 11-46-11. That Section provides:

> [a]ny person having a claim for injury arising under the provisions of this chapter against a governmental entity. . .shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity. . . .

Miss. Code Ann. § 11-46-11(1). "A plaintiff must substantially comply with the notice of claim requirement within the statute." *Stewart v. Perry*, No. 1:07cv1270WJG-JMR, 2009 WL 112091, at *2 (S.D. Miss. Jan. 14, 2009) (citing *Lattimore v. City of Laurel*, 735 So.2d 400, 403 (Miss. 1999)).

Plaintiff failed to respond to or rebut the Defendant's argument that his claims are barred by § 11-46-11(1), and there is no evidence in the record that Plaintiff sent a notice of claim to the chief executive officer or the chancery clerk of Lamar County, or otherwise attempted to

3

substantially comply with the statute. Therefore, the court concludes that Plaintiff's state law claims, to the extent they are alleged, are barred by the MTCA, § 11-46-11(1). *See also Stewart*, 2009 WL 112091, at *2 (holding that plaintiff's failure to timely comply with the notice requirements of the MTCA bars any state law negligence claims brought against Singing River Hospital); *Harry v. Springer*, No. 4:04cv207LN, 2006 WL 859236, at *4-*5 (S.D. Miss. March 30, 2006) (holding that plaintiffs' state law tort claims against the sheriff and the county were barred by the MTCA, where plaintiffs did not address defendants' argument regarding their state law claims in response to defendants' motion for summary judgment); *Montgomery v. Mississippi*, 498 F. Supp. 2d 892, 905 (S.D. Miss. 2007) (holding that plaintiff's state law tort claims for were procedurally barred due to his failure to comply with the notice requirements); *Watson v. North Panola School Dist.*, No. Civ.A. 103CV324PD, 2005 WL 2416343, at *4 (N.D. Miss. Sept. 30, 2005) (same).[4]

IT IS, THEREFORE, ORDERED:

That Defendant's Motion [25] to Dismiss Plaintiff's State Law Claims is GRANTED.

SO ORDERED AND ADJUDGED this the 9th day of November, 2009.

                                               s/ Michael T. Parker
                                               United States Magistrate Judge

---

[4] Because the court finds that Plaintiff's state law claims are barred by Miss. Code Ann. § 11-46-11(1), the court does not address the Defendant's arguments that Plaintiff's claims are barred under the other sections of the MTCA.