# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

YURI CALZADILLA                                                         PLAINTIFF

VS.                                                   CIVIL ACTION NO. 2:08cv213-MTP

LAMAR COUNTY                                                DEFENDANT

## OPINION AND ORDER

THIS MATTER is before the court *sua sponte* upon the Plaintiff's failure to comply with certain orders of the court. The Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] on September 25, 2008. Based on the record in this case and the applicable law, the court finds that this action be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

On December 29, 2009, the court entered an Order to Show Cause [45], directing Plaintiff to file a written statement with the clerk of court on or before January 15, 2010, setting

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

forth why this case should not be dismissed for failure to comply with the court's orders or, **alternatively** to confirm his present address. The Show Cause Order [45] was returned as undeliverable, with the notations "No Longer at this Institution," "Return to Sender," "Refused," "Unable to Forward." *See* Notice [47]. On January 11, 2009, Plaintiff filed a Notice of Change of Address. *See* Notice [48].

On January 12, 2010, the court entered an Amended Order to Show Cause [51] directing Plaintiff to set forth in writing specifically how each newly named Defendant violated his constitutional rights pursuant to the court's Order [43]. The court further ordered Plaintiff to provide the address or workplace where each proposed Defendant may be served with process, and to file a written statement with the clerk of court on or before January 26, 2010, setting forth why this case should not be dismissed for failure to comply with the court's orders. *See* Order [51]. On January 21, 2010 and February 16, 2010, the court received Notices [52][57] of a change of address from Plaintiff. Plaintiff apparently never received the court's Order [51], despite several attempts by the court clerk to send it to Plaintiff's current address on file. *See* Remarks dated 1/11/10, 1/12/10, 1/22/10. It appears Plaintiff may have changed addresses before the Order could reach him and before the court had notice of his change of address.

On March 23, 2010, the court entered its fourth Order to Show Cause [58], directing the Clerk of Court to mail a copy of the following pleadings to Plaintiff at the address reflected in his most recent Notice [57] of Change of Address: Order [43] denying Motion to Amend/Correct; Order to Show Cause [45]; Order [50] denying Motion [49]; and Amended Order to Show Cause [51]. The court further directed Plaintiff to do the following on or before April 7, 2010: to state in writing specifically how each newly named Defendant violated his

constitutional rights pursuant to the court's Order [43]; to provide the address or workplace where each proposed Defendant may be served with process; and to file a written statement with the clerk of court setting forth why this case should not be dismissed for failure to comply with the court's orders. *See* Order [58]. The April 7, 2010, deadline has passed, and the Plaintiff has not responded to the Order [58]. In fact, the Show Cause Order was returned to the clerk as undeliverable. *See* Returned Mail [60].

With its clear record of delay, this case may properly be dismissed under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

The Plaintiff–incarcerated or not–has an obligation to inform the court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." Uniform Local Rule 11.1; *see also Wade v. Farmers Ins. Group,* No. 01-20805, 2002 WL 1868133, at *1, n.12 (5th Cir. June 26, 2002) (on appeal of district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address"). This burden may not be shifted from the Plaintiff as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Ainsworth v. Payne,* No.

1:05cv297LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. October 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)).

The court has warned the Plaintiff at least nine times that his failure to advise the court of a change in address and otherwise comply with this court's orders could result in dismissal.[2] However, the Plaintiff has failed to keep the court apprised of his address and to comply with the court's orders. As the Plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, the court finds that this action should be dismissed.

IT IS, THEREFORE, ORDERED:

That this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

THIS, the 9th day of April, 2010.

s/ Michael T. Parker<br>
United States Magistrate Judge

---

[2] *See* Orders [4][5][8][9][13][15][18][19][32].